UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                       :

AKUA AMPEN

                             Plaintiff,        :        TRIAL ORDER – JURY

                     -v.-                       :

                                              20 Civ. 3495  (GWG)

UNITED STATES OF AMERICA, et al.,        :

                        Defendant.        :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Discovery having concluded in this matter, IT IS HEREBY ORDERED that the following procedures shall govern the trial in this matter:

Prior to Trial

1.(a).  The parties shall file a proposed joint pretrial order in compliance with paragraph 3.B. of this Court's Individual Practices on or before November 5, 2021

The Court's Individual Practices are available from the Clerk's Office and via the internet at:  https://nysd.uscourts.gov/hon-gabriel-w-gorenstein

(b).  In addition, the parties must prepare jointly and file with the Court on or before November 5, 2021, three separate documents: (1) a list of any voir dire questions that the parties request to be asked of prospective jurors; (2) requests to charge; and (3) a proposed verdict sheet. To the extent a party objects to another party's requested voir dire questions, requests to charge or proposed verdict sheet questions, that party should (1) set forth the grounds for that objection (or refer to the trial memorandum of law for a full discussion of the objection) and (2) propose an alternative.  <u>All requests to charge, all objections and all alternative proposals must include citation to authority</u>.   If the filed copy on ECF is not in text searchable format, these materials must also be submitted on disk, CD-ROM, or via e-mail, either in WordPerfect or Word format.  (Counsel should contact the Court's Deputy Clerk, Ms. Chambers, for the e-mail address).

(c).  Each party must also file a Trial Memorandum of Law on the same date addressed to any issue of law that the party expects to arise at or before trial.  Should a party's memorandum of law or other filings raise an issue that is not addressed in the opposing party's trial memorandum, the opposing party may submit a second trial memorandum of law in response within 10 days.

(d). On or before November 5, 2021, the parties shall deliver to the Court (with a copy to their adversary) a looseleaf binder or binders containing: (1) a listing of that party's proposed exhibits (by number or letter) and, following each listed exhibit, a short description of the exhibit, followed by a notation indicating whether the other party has made objection to such exhibit and on what basis (as reflected in the portion of the pre-trial order responding to paragraph 3.B.x of the Court's Individual Practices); (2) a copy of each of the party's proposed exhibits ordered sequentially; (3) following the exhibits, a copy of any deposition testimony the party intends to offer in its case in chief (i.e. not for impeachment); and (4) copies of any charts or other demonstrative evidence, if available. If a document is too bulky to be placed into the looseleaf binder, it may be submitted separately in an unsealed envelope or redweld marked with the exhibit number, or on a disk.

The parties shall add page numbers to any exhibit of more than 5 pages that does not already contain page numbers.

No exhibit is in evidence unless it is offered at trial and admitted into evidence by the Court. Parties should bring to the trial the originals of exhibits already bearing a sticker or other marking reflecting the exhibit number or letter.

Motions in limine not contained in the Trial Memorandum discussed in paragraph 1(c) above may be served without leave of the court. Such motions shall be made as soon as practicable and, barring extraordinary circumstances, not later than 21 days before the trial date. Any response shall be made by memorandum of law or by letter within 7 days thereafter.

Summary of filing procedures:

- The following documents shall be filed on ECF with a courtesy copy sent (by mail or hand delivery to the Mailroom) to Chambers: (1) the proposed Joint Pretrial Order; (2) the proposed voir dire questions; (3) the requests to charge, accompanied by a proposed verdict sheet; (4) the Trial Memorandum of Law (if any); and (5) any motion in limine.[1]

- The looseleaf binder that includes the exhibit list and exhibits shall be sent (by mail or hand delivery to the Mailroom) to Chambers and not filed.

2. **In order to provide the described materials by the above due date, the parties must cooperate in the preparation of these materials and their preparation must begin well in advance of the due date**. The parties are directed to contact each other immediately on receipt of this Order to set up a schedule to exchange materials and otherwise comply with this

---

[1] If items (2) and (3) are not filed in a text searchable format on ECF, they must be submitted to Chambers in such a format (such as WordPerfect or Word) on a CD-ROM, or via e-mail. (Counsel should contact Ms. Chambers for the e-mail address).

Order.  In the rare event that a lack of cooperation makes a joint submission impossible, each party is required to submit its own proposals separately on the due date.  The Court will thereafter issue an appropriate sanction to the party or parties that it determines failed to cooperate.

Extensions of the due dates are granted only upon a showing of good cause, and only where a request is made well in advance of the deadline or there has been an unforeseeable emergency.  The parties are warned that their failure to comply with this order may result in sanctions, including but not limited to dismissal, judgment by default, a monetary sanction and/or contempt.

3. Following receipt of the above materials, the Court will schedule a conference with the parties, at which the Court will set a firm trial date.

Conduct of Trial

4. On the first day of trial, counsel must arrive at 9:30 a.m. to Courtroom 6-B.  <u>Plaintiff's first witness on the first trial day must be ready to testify at noon.</u>  On all subsequent days, counsel must arrive at or before 9:00 a.m., unless the Court directs otherwise.  Testimony will generally be taken between 9:15 a.m. and 5:00 p.m. from Monday through Friday.  There will be a lunch break generally beginning at about 1 p.m. and lasting until 2 p.m.  Counsel must return to the Courtroom by 2 p.m. unless otherwise directed by the Court.  If at any time during trial an emergency prevents counsel's prompt attendance, counsel should immediately call the courtroom at (212) 805-4266 or chambers at (212) 805-4260.

If counsel are aware or become aware of any reason why they will be unable to comply with the above schedule for the duration of the trial, they must notify the Court immediately by letter.

5. When a party's case commences, that party is expected to have witnesses available <u>to fill the trial day</u> as described in the preceding paragraph.  Counsel are warned that if they do not have a witness available to testify at any point during the trial day, <u>the Court may deem the party to have rested</u>.  Any requests to schedule a witness out of order and/or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior to trial and (2) as soon as counsel is aware (or should have been aware) of the limited availability of that witness.  Untimely applications will be denied.  Counsel are expected to be diligent in inquiring as to the availability of all witnesses (including expert witnesses) to ensure compliance with this paragraph.

6. Opening statements must be devoid of argument or discussions of the law.  Each party's opening statement is limited to 15 minutes unless application is made in advance to the Court to increase this time based on the complexity of the case.  The requirement of contemporaneous objection applies to opening statements.

7. Speaking objections are prohibited. Counsel shall say the word "objection" followed by a word or brief phrase to indicate the nature of the objection (for example, "objection, hearsay"; "objection, Rule 403"). The Court will not normally conduct a sidebar during the trial. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court outside the presence of the jury and in advance of the time that the jury will be hearing the evidence. In the alternative, such issues must be raised at the next break in the trial and outside the presence of the jury. In the rare event that an immediate ruling is required to avoid prejudice, counsel may request a sidebar. No argument shall take place in front of the jury.

8. Only one counsel may question a particular witness or address the Court with respect to that witness, including making objections to opposing counsel's examination of that witness. Counsel shall question the witness either from the lectern or counsel table. If it is necessary to approach the witness or the bench, counsel shall request permission from the Court to do so. No witness (or other party) shall be referred to by first name unless that witness or party is a minor. Questions to witnesses shall not summarize or repeat the witness's prior testimony.

9. Persons at the counsel tables shall not make gestures, facial expressions or audible comments at any time during trial. Counsel are responsible for informing all persons at their table of this rule.

10. Unless counsel request otherwise prior to trial, depositions offered in lieu of live testimony will not be read to the jury. Instead, counsel should make sufficient copies of those depositions or sections of depositions so that each juror has a complete set. If the volume of such transcripts warrants it, the transcripts should be place in a binder. The jury will be given time to read the depositions at home, or if appropriate, in the courthouse.

11. If counsel intend to distribute copies of documentary exhibits to the jury, a separate copy must be supplied for each juror.

12. Defendant's counsel will give a closing argument first, followed by plaintiff's counsel. No rebuttal is allowed unless plaintiff's counsel makes an argument that defendant's counsel could not reasonably have anticipated. The requirement of contemporaneous objection applies to closing arguments.

13. Counsel should make certain that they have custody of all their original exhibits during the trial, At the start of deliberations, all exhibits admitted into evidence will be automatically sent into the jury room. Counsel should regain custody of the exhibits following the verdict as the Clerk is not responsible for them. See Local Civil Rule 39.1(a).

14. Counsel and the parties should stand when the jury enters and exits the courtroom. Counsel must stand when addressing the Court or questioning a witness. Counsel or parties with disabilities will be excused from this requirement.

      15.  If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter (a consecutive interpreter is not acceptable). Similarly, a party needing an interpreter must arrange for the presence of a such an interpreter. Experienced simultaneous interpreters are readily available in the commercial marketplace. Counsel should call chambers if there is any difficulty in securing an interpreter.

      16. Post-verdict motions must be made within the time permitted by the applicable rules.

Other

      17.  The attention of counsel is directed to Local Civil Rule 47.1, which provides that the Court may assess the parties or counsel with the cost of one day's attendance of the jurors (approximately $1000.00) if a case is settled after the jury has been summoned or during trial.  A civil jury is considered summoned for a trial as of noon of the business day prior to the designated date of the trial.  The Court has typically assessed such costs.

      SO ORDERED

Dated: October 6, 2021
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge